## YOUNG *et al. v.* GAMMEL.

Where G. as a tenant in common, with minors who had no guardian at law, made necessary and valuable repairs to a mill, and where the maternal guardian of the minors acquiesced in such repairs; held that G. is not entitled to the exclusive possession of the premises until reimbursed for the amount expended by him for such repairs.

Minors do not possess the legal capacity to dispose of their right of possession in reality by lease or other contract, nor can their natural guardian do so without authority from the proper court.

The power to manage the estate of minors can only be derived from the county court under the Code.

### Appeal from Jefferson District Court.

*Opinion by* WILLIAMS, C. J. Action of right instituted by William Young, David Young and James Young, minors, suing by Matthew Cuny, their guardian, in the district court of Jackson county, to May term, 1852. The petition of the plaintiffs, states, in substance, that they claim of the defendant, John Gammel, an interest and right to the immediate possession of the equal undivided one-half part of the south-west quarter, and the north-east quarter of the south-east quarter of section thirty, in township eighty-five, range four, east, of land situated in the county of Jackson, and state of Iowa; that David

Young, deceased, the father of the plaintiffs, late of said county, at the time of his death, was seized in fee simple of said land; that said David Young, on or about the sixth day of October, A. D. 1846, died intestate, leaving his widow, John Young, Thomas Young, Elizabeth Jane Young, his children, and his next of kin, and heirs at law living; that said elder brothers, the sister, and the plaintiffs, as heirs at law of said David Young, their deceased father, became, and were seized at his death, as tenants in common, of the aforesaid real estate, in equal proportions; and while so seized, on or about the first day of September, A. D. 1851, the said John Young, Thomas Young, Elizabeth Jane Young, respectively, by quit claim deed or otherwise, conveyed all their right and title to the aforesaid land to defendant, John Gammel, and that he, on or about the first day of October, 1851, entered upon and took possession thereof, with the appurtenances, and from that time has kept, and still continued to keep and hold the possession of the right and interest of the plaintiffs in said real estate; and denies the right of the plaintiffs to the immediate possession of the equal undivided half part thereof, &c.

The statutory writ was issued and served on defendant. At the same court, the defendant appeared, by his counsel, and filed his answer to the petition of plaintiffs, denying that he detained the premises, as stated in the petition, and averring therein that he came peaceably and lawfully into the possession of said premises; and that this suit was commenced without any previous notice to quit being given by said plaintiffs, according to the form of the statute, in such cases made and provided.

Admitting also, that he is the owner of the undivided half of said premises, as stated in plaintiff's petition, and that the plaintiff's are the heirs, of said Young, as therein stated; also that the main value of said premises consists in a mill improvement on the same. That after the death of said Young, the premises were in a very bad condition;

that certain repairs became necessary for the preservation of the property, that he, at the request of Mrs. Young, the mother, and the natural guardian of said minors, as also at the request of the then owners of the other undivided half of the premises, made large expenditures for repairs, which were absolutely necessary for the protection and preservation of said estate; the value of which repairs amounted to the sum of one thousand dollars, that the repairs were useful and beneficial to the premises, and that he is now occupying the same and accounting for the rents and profits thereof at a fair and reasonable value in the improved state. That as yet the rents, and profits, have not been sufficient to pay said expenditure. The answer then concludes with a prayer, that he may be compensated, and placed in *statu quo*, before plaintiffs shall recover possession. The plaintiffs demurred to the defendant's answer, on the grounds that the defendant, in said answer, did not allege that he came into possession of said premises by, and with the consent of said plaintiffs, or any person claiming to be the owner thereof, nor that the relation of landlord and tenant existed in any form or manner between said plaintiff's and defendant. That the answer is uncertain and insufficient.

To the last plea of defendant's answer, plaintiffs demurred, because it did not appear thereby, that he rightfully made the repairs, for which he claimed remuneration, and therefore to hold said premises, nor that he made the same at the instance, or by the order of any court, or by the authority thereof, which had competent power to grant the same; nor was the same done at the instance and request of the plaintiffs, or their agent, or guardian, or by any other person on their behalf, having legal power, or authority, to contract with said defendant for said repairs.

That it does not appear, by said plea, when defendant took possession, or how long he has been in the occupancy

of the premises; what the amount of the rents and profits is; how, or to whom, he has accounted or is now accounting thereto, or any balance struck in said accounting, and now claimed by him, that said plea is uncertain, &c.

The demurrer of the plaintiffs was overruled by the court. Plaintiff's thereupon rested. "The court, thereupon, ordered and adjudged, that the defendant remain in possession of the said premises, as against the plaintiffs, and those claiming by or under them, until compensation be made to the defendant, for the repairs made by him, for the protection and preservation of the said estate, as mentioned in his answer, and that defendant have, and recover his costs, &c."

The judgment of the district court, as rendered in this case, must be reversed. The demurrer of the plaintiff's, to the defendant's answer, should have been sustained.

It is admitted by the pleadings on part of defendant, that the relation of tenants in common, of the fee simple, to the land exists between him and the plaintiffs, by virtue of a deed of conveyance to him, of the undivided interest of the senior heirs of David Young deceased, the father. This fact being established, together with the minority of the plaintiffs, fixes the rights of the parties in this action. The defendant's answer, furnishes no legal defense to this action. It admits all the material allegations of plaintiff's petition; but seeks to defeat their action by setting up the relation of landlord and tenant; and the necessity of a notice to quit the premises, before action commenced. It then alleges, as a justification for holding the exclusive possession of the premises, that the defendant having gone into possession of the premises in his own right, as tenant, in common with the plaintiffs, who were then minors without a guardian at law, he had made valuable repair so the property, which were necessary, and beneficial, to prevent dilapidation and waste; and that these were made at the reqest, or by the persuasion of the mother, and natural guardian of the plaintiffs. He there-

Young *v.* Gammel.

by puts himself on the position, for his defense to this action, that he is legally justified in holding the entire and exclusive possession of the lands, so as to work an ouster of the plaintiffs, until they pay him the amount so expended by him in the repairs.

The answer does not, in legal substance, by the facts therein stated, show the existence of the relation of landlord and tenant between the parties. The plaintiffs being minors, did not possess legal capacity to dispose of their right of possession by lease or otherwise, by either express or implied contract. The law would not impose upon them any such liability. In contemplation of law they could neither do nor suffer to be done anything, as of contract, so as to dispose of their right to the estate or the use of it, without the interposing power of the proper court, in accordance with law. The mother being only the natural guardian of the persons of the children, could not control or dispose of their rights in the estate by contract with the defendant. *Combs* v. *Jackson*, 2 Wend. Reports, 153.

Upon the death of the father, although, the mother becomes the natural guardian of the infants, she must, to enable her to act in the matter of the estate, be empowered, and authorized to do so, by the court. The power to manage the estate of an infant, can only be derived from the county court. Code of Iowa, § § 1491, 1492, 1493 1494, 1495. The permission of the mother, who was not authorized by the court to give it, was without legal sanction; and, as to the rights of the plaintiffs, of no effect in law.

What ever may be the equitable rights and remedy of the defendant, they cannot be maintained as set up here, in set-off of the claim of the plaintiffs to possession of the land as tenants in common. To permit it, would be to furnish an easy mode for one tenant in common to encumber the estate of his co-tenants who are minors, and hold them dispossessed, and work at his own option

a privation of their right.  These acts relied on, in his answer, for defense to this action, were done in his own wrong.  3 Watts, R. 238; 4 Kent Com. 369.  However necessary the repairs may have been, to preserve the property from dilapidation and waste, he cannot be permitted to defeat the plaintiff's action by pleading his right to remuneration.

However effectual this plea and the authorities adduced and argument of defendant's counsel might be, for remuneration in another case, before a proper person, we think they cannot avail here.

                                        Judgment reversed.

*J. B. Booth,* for appellant.

*Smith, McKinlay,* and *Poor,* for appellee.